UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BTL INDUSTRIES, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>BIOSKIN LASER LLC, BIOSKIN LASER II LLC, and SANTA COHEN<br><br>      Defendants. | Civil Action No.: 1:23-cv-09104-LGS<br><br>[PROPOSED] ORDER OF DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION |

WHEREAS, the Court has considered the Order to Show Cause for Default Judgment filed by Plaintiff BTL Industries, Inc. and all supporting papers, and with good cause appearing for same, it is HEREBY ORDERED, ADJUDGED and DECREED that:

1. The Court has subject matter and personal jurisdiction over this action and the parties.

2. Venue is proper before this District.

3. Judgment is entered on the Complaint brought by Plaintiff BTL Industries, Inc. against Defendants Bioskin Laser LLC, Bioskin Laser II LLC, and Santa Cohen on all causes of action brought against them, as follows:

    a. Judgment is entered for Plaintiff and against Defendants on the first cause of action for infringement of U.S. Patent No. 10,478,634.

    b. Judgment is entered for Plaintiff and against Defendants on the second cause of action for trademark infringement under 15 U.S.C. § 1114.

   c.  Judgment is entered for Plaintiff and against Defendants on the third cause of action for federal unfair competition, false designation of origin, and false advertising under 15 U.S.C. § 1125.

   d.  Judgment is entered for Plaintiff and against Defendants on the fourth cause of action for common law trademark infringement and unfair competition.

 4. ~~Plaintiff is awarded $228,690 in actual damages against Defendants on all causes of action.~~

 5. ~~Alternatively, Plaintiff is awarded $300,000 in statutory damages against Defendants on the second cause of action for trademark infringement.~~

 6. In addition, Plaintiff is further awarded a permanent injunction on the first and second causes of action for infringement of U.S. Patent No. 10,478,634 and BTL's trademarks, as follows: Defendants and their officers, agents, employees, and all persons acting in concert with Defendants are enjoined from further infringement of BTL's patents and trademarks, including without limitation U.S. Patent No. 10,478,634 and the EMSCULPT® and BTL® trademarks.

The Complaint (Dkt. 1) seeks injunctive relief and damages in connection with four claims arising out of Defendants' alleged infringement of Plaintiff's patent and trademarks.  Service was made on Defendants on October 20, 2023 (Dkt. Nos. 10 & 11).  Defendants have not appeared in this action or otherwise responded to the Complaint.  Personal jurisdiction is proper as Defendants' business operations in New York State give rise to Plaintiff's injuries.  See CPLR 302(a)(1).

"[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted).  "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." Id.; accord Jordan v. Books, No. 22 Civ. 6154, 2023 WL 4363003, at *2 (S.D.N.Y. July 6, 2023).  The Complaint adequately alleges that Defendants have (1) unlawfully infringed Plaintiff's patent under 35 U.S.C. § 271(a), (2) unlawfully infringed Plaintiff's trademark in violation of 15 U.S.C. § 1114, (3) falsely advertised their products as being manufactured by the Plaintiff in violation 15 U.S.C. § 1125(a) and (4) committed trademark infringement and unfair competition under New York State common law.

For patent infringement, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent."  35 U.S.C. § 271(a).  The Complaint adequately alleges that Plaintiff holds a patent; that Defendants have been advertising a service utilizing the same patented technology since at least November 1, 2022; that Plaintiff has informed Defendants of such infringement on at least three occasions without response; and that Defendants continue to use Plaintiff's patented technology without permission.

For trademark infringement under 15 U.S.C. § 1114, a plaintiff "must demonstrate that it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion."  Time, Inc. v. Petersen Publ'g Co. L.L.C., 173 F.3d 113, 117 (2d Cir. 1999).  The Complaint alleges that Plaintiff possesses valid trademarks related to its patented technology and that Defendant uses a counterfeit of Plaintiff's trademark, which by its "very nature, cause confusion," Gucci Am., Inc. v. Duty Free Apparel, Ltd., 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003).

For false advertising under 15 U.S.C. § 1125(a), a plaintiff must establish that the challenged advertisement: (1) is false; (2) misrepresents an inherent quality or characteristic of the product; (3) was placed in interstate commerce by the defendant; and (4) caused injury to the plaintiff.  See Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 255 (2d Cir. 2014). The Complaint alleges that Defendants falsely represent their product as being authentic and made by the Plaintiff.  Defendants' advertisements contain Plaintiff's trademarks, misrepresenting an inherent characteristic of Defendants' product.  See, e.g., C=Holdings B.V. v. Asiarim Corp., 992 F. Supp. 2d 223, 243 (S.D.N.Y. 2013).  Defendants have advertised their product on the internet, thereby placing the advertisement in interstate commerce.  See, e.g., id.  The Complaint also alleges that Defendants' advertisements negatively impact Plaintiff's business.

For trademark infringement and unfair competition arising under New York State common law, a plaintiff "need only present evidence sufficient to establish a violation of" 15 U.S.C. § 1114.  Pfizer Inc. v. Sachs, 652 F. Supp. 2d 512, 526 (S.D.N.Y. 2009).  A plaintiff who successfully pleads a trademark infringement claim under common law also states a common law claim for unfair competition if they demonstrate the Defendant acted with bad faith or intent.  Id. "Under New York law, a presumption of bad faith attaches to the use of a counterfeit mark," which Defendants use here.  Philip Morris USA Inc. v. Felizardo, No. 03 Civ. 5891, 2004 WL 1375277, at *6 (S.D.N.Y. June 18, 2004).

Default judgment is **GRANTED.** Plaintiff is entitled to permanent injunctive relief for its patent infringement claim pursuant to 35 U.S.C. § 283 and its trademark infringement claim pursuant to 15 U.S.C. § 1116(a).  An order referring the case for a damages inquest will issue separately.

"The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); see also Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Plaintiff's motion to seal  narrow portions of its memorandum of law in support of its Order to Show Cause and supporting declarations (Dkt. Nos. 25, 26 and 27) is **GRANTED** for substantially the reasons stated in Plaintiff's letter at Dkt. No. 19. The Clerk of Court is respectfully directed to maintain the document at Dkt. Nos. 25, 26 and 27 under seal, and to close the letter motion at Dkt. No. 19.

Dated: March 22, 2024
       New York, New York

                                              LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE