USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/11/2024___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BTL INDUSTRIES, INC.,

Plaintiff,

-against-

BIOSKIN LASER LLC, et al.,

Defendants.

23-CV-9104 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated April 29, 2024 (Pl. Ltr.) (Dkt. 40), plaintiff BTL Industries, Inc. (BTL) requests leave to redact portions of its Proposed Findings of Fact and Conclusions of Law (Prop. Findings) concerning damages.[1] Specifically, plaintiff asks the Court to redact the factual basis for its request for an award of $76,230 (before trebling) in lost profits damages. *See* Prop. Findings ¶¶ 29, 30, 43. For the reasons that follow, the request will be denied.

## Background

BTL developed and sells the EMSCULPT body contouring device and holds related patents and trademarks. *See* Compl. (Dkt. 1) ¶¶ 13-22. Defendants Bioskin Laser LLC, Bioskin Laser II LLC, and Santa Cohen advertise body-sculpting services on their website and on social media, using a counterfeit EMSCULPT device that was not sold or licensed to them by plaintiff. *Id.* ¶¶ 23-27. On March 22, 2024, the Hon. Lorna T. Schofield, United States District Judge, granted plaintiff's motion for a default judgment against all three defendants (the Defaulted Defendants), finding them liable to plaintiff under the Patent Act, the Lanham Act, and the common law. *See* Order of Default (Dkt. 37) ¶ 3(a)-(d). The District Judge permanently enjoined

---

[1] In accordance with Moses Ind. Prac. § 3(d), plaintiff filed a redacted copy of its Proposed Findings on the public docket (Dkt. 45), pending the outcome of its motion, and an unredacted copy, with the proposed redactions highlighted, under seal at the "ex parte" level, visible only to the filing party and the Court. (Dkt. 43.)

the Defaulted Defendants from further infringement of BTL's relevant patent and trademarks, *id*. ¶ 6, and referred the matter to me for a damages inquest. (Dkt. 38.)

On April 30, 2024, BTL filed its Proposed Findings, seeking (i) an award of $76,230 in lost profits damages as a remedy for the Defaulted Defendants' patent infringement, trebled to $228,690 for willfulness in accordance with 25 U.S.C. § 284, *see* Prop. Findings ¶¶ 28-30; (ii) an award of $300,000 in statutory damages as a remedy for the Defaulted Defendants' willful trademark infringement, *see id*. ¶¶ 31-39; and (iii) as an alternative to statutory trademark damages, an award of $76,230 in actual damages as a remedy for the Defaulted Defendants' trademark infringement, representing "the profits of the machine that Defendants would have bought to provide body-contouring services using BTL's Trademarks," trebled to $228,690 for willfulness pursuant to 15 U.S.C. § 1117(b). *Id*. ¶¶ 40-45. Although it is clear from the unredacted portions of the filing that the $76,230 sought as actual damages for both patent infringement and trademark infringement (before trebling) represents plaintiff's lost profits on one genuine EMSCULPT device, *see id*. ¶ 28 (requesting "lost profit damages"); *id*. ¶ 29(d) "BTL would have sold at least one more EMSCULPT device had Defendants not purchased a counterfeit product"); *id*. ¶ 43 ("BTL is entitled to be compensated for the profits of the machine that Defendants would have bought to provide body-contouring services using BTL's Trademarks."), plaintiff has redacted the factual backup for that number, on the ground that those portions of the Proposed Findings "contain confidential information and closely guarded internal metrics," which are "paradigm examples of trade secrets and sensitive financial information." Pl. Ltr. at 1.

## Analysis

The "presumption of public access" to judicial documents, which exists "under both the common law and the First Amendment," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124

(2d Cir. 2006), is not absolute, and can be overcome "if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id*. At an earlier stage of this case, the District Judge, after balancing the competing considerations, permitted plaintiff to redact substantially the same information now at issue in connection with BTL's motion for a default judgment. *See* Order of Default at 3.[2] Now, however, the *only* question remaining for decision is the quantum of damages, and the redacted information is the *only* basis upon which this Court could award actual damages in the amount of $76,230 (or any other amount).

Under these circumstances, the weight of the presumption in favor of public access is at its apogee. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (the weight to be given to the presumption falls on "a continuum," from "matters that directly affect an adjudication" to "matters that come within a court's purview solely to insure their irrelevance"); *Coscarelli v. ESquared Hosp. LLC*, 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (the presumption favoring public access is "'strongest' when 'the information at issue forms the basis of the court's adjudication'") (quoting *Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005)). Moreover, plaintiff's claim that every scrap of information behind its $76,230 lost profits figure is a trade secret (even, for example, the sales price of an EMSCULPT device) is unconvincing.[3] I note as well that this claim appears only in plaintiff's sealing request, written by its lawyers, and is not supported by any admissible evidence.

---

[2] The District Judge permitted plaintiff to redact, *inter alia*, the Declaration of Jason Wooden, BTL's Director of Operations. *See* Wooden Decl. (Dkt. 26) ¶¶ 8-9. In its Proposed Findings, plaintiff relies on a redacted portion of the Wooden Declaration to provide the required evidentiary support for its lost profits calculation. *See* Prop. Findings ¶¶ 29, 30, 43.

[3] There appears to be an active secondary market for BTL EMSCULPT devices. *See, e.g.*, https://bimedis.com/btl-emsculpt-m488520 (last visited June 11, 2024).

While it is true that defendants are now in default, and plaintiff's sealing request is unopposed, *see* Pl. Ltr. at 1, these facts do not affect the weight of the presumption or alter the balancing test that this Court must perform. *See Amodeo*, 71 F.3d at 1048 ("The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice."); *Dandong v. Pinnacle Performance Ltd.*, 2012 WL 6217646, at *2 (S.D.N.Y. Dec.3, 2012) ("The consent of the parties is not a valid basis to justify sealing, as the rights involved are the rights of the public.") (internal quotation marks omitted). Consequently, the Court cannot adjudicate plaintiff's request for $76,230 in lost profits damages while keeping the factual basis for that figure, as well as the underlying evidence, under seal.

### Conclusion

For the reasons set forth above, plaintiff's letter-motion seeking leave to redact portions of its Proposed Findings (Dkt. 40) is DENIED. No later than **June 25, 2024**, plaintiff must refile, on the public docket: (a) its Proposed Findings, in unredacted form; and (b) the Wooden Declaration, with ¶ 9 unredacted. In the alternative, plaintiff may limit its damages request to statutory damages.

Dated: New York, New York
     June 11, 2024                        **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**